UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES J. MCNULTY,
Plaintiff

v.  Civil Action No. 05-11250-NMG

GAP INC.,
Defendant

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Gap Inc. ("Gap" or "Defendant"), submits this memorandum and the Declaration of Daphne Broadnax[1] in support of its motion to dismiss Plaintiff's complaint in its entirety.

### INTRODUCTION

Plaintiff James McNulty ("Plaintiff") brings a Complaint against Defendant alleging that Defendant did not accommodate his disability and that he suffered physical injury as a result of Defendant's negligent infliction of emotional distress. Plaintiff's claim against Defendant for allegedly not accommodating his disability should be dismissed as a matter of law because Plaintiff never filed a complaint of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") or the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's negligence claims should be dismissed because they are barred by the exclusivity provisions of Massachusetts' Workers' Compensation Act.

### FACTS ALLEGED

Although not alleged in specific counts, Plaintiff's complaint is one which alleges disability discrimination and negligence which caused physical injury and emotional distress. As

---

[1] Hereinafter, Daphne Broadnax's Declaration will be cited as (Broadnax Dec. ¶___).

outlined in the numbered paragraphs of his complaint, Plaintiff was employed as an Associate Manager of a Gap store in Hyannis, Massachusetts and suffered a brain injury which caused him to be out of work until on or about October 4, 2000. (Paragraph 3). The concerns, which are the basis of this complaint, occurred after his return to work in October 2000, and before he became totally disabled and stopped working effective May 20, 2002.

Plaintiff alleges that after he returned to work in October 2000, Gap failed to accommodate his disability and made him work 60 hours per week when a new store opened. (Paragraphs 7, 9). He also alleges that despite restrictions, he was required to climb high rolling racks without ladders. (Paragraph 11). Finally, he alleges that he received a performance review on May 20, 2002 which brought on a seizure resulting in his permanent disability. Plaintiff has not worked since that date. (Paragraph 14). He alleges that Gap acted "negligently and carelessly inflicted emotional distress so as to cause the plaintiff to become physically disabled" (Paragraph 4) and that he "was given no accommodations regarding his disability." (Paragraph 7).

Plaintiff filed this action against Gap in the Barnstable Division of the District Court Department of the Commonwealth of Massachusetts, on or about May 19, 2005, and Gap removed it to this Court. However, Plaintiff never filed a charge of discrimination with the MCAD or the EEOC. When Gap receives a complaint of discrimination from a state or federal agency, it is forwarded to Gap's Legal Department and entered into Gap's internal database. (Broadnax Dec. ¶ 3). Gap's internal database has no record of Gap ever receiving a complaint of discrimination filed by Plaintiff. (Broadnax Dec. ¶ 4). Indeed, Plaintiff does not allege in his complaint that he filed such a charge.

## ARGUMENT

### Standard For 12(b)(6) Motion

A motion to dismiss a complaint under Fed. R. Civ. P. Rule 12(b)(6) should be allowed if it appears that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(6), the Court assumes the truth of all well-pleaded facts and indulges all reasonable inferences that fit the plaintiff's stated theory of liability. Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002). Although a Court must take all well-pleaded facts as true, it need not credit a complaint's "bald assertions" or legal conclusions. Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996); see also Arruda, 310 F.3d at 18 (noting that the court gives no weight to "bald assertions, unsupportable conclusions, and opprobrious epithets") (quoting Chrongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)). In this case, viewing Plaintiff's Complaint in the light most favorable to Plaintiff, there is no entitlement to relief.

### Plaintiff Failed To File A Complaint Of Discrimination With The MCAD Or EEOC, A Statutory Prerequisite To Bringing Suit In Court Alleging Disability Discrimination

In his Complaint, Plaintiff alleges that Gap did not provide him accommodations for his disability and required him to perform work in violation of medical restrictions imposed by his physician. (Complaint, ¶¶ 7, 8, 10, 11). Plaintiff cannot bring this claim of disability discrimination because he never filed a charge of discrimination.

A person claiming discrimination in violation of The Americans With Disabilities Act or M.G.L. c. 151B may bring a civil action only if he has previously filed a charge with the EEOC or MCAD. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 279 (1st Cir. 1999) (upholding dismissal of ADA claim where employee failed to exhaust administrative remedies by filing

3

charge of discrimination with the EEOC); Smith v. Bell Atl., 63 Mass. App. Ct. 702, 722 (2005) (M.G.L. c. 151B, §§ 5, 9 require claimants to file charges with the MCAD before filing suit to put the employer on notice of the scope of potential actions). As recently held by the First Circuit:

> [A] claimant who seeks to recover for an asserted violation of Title I of the ADA,…first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits.…This omission,…bars the courthouse door, as courts long have recognized that [this] charge-filing requirement is a prerequisite to the commencement of suit.

Bonilla, 194 F.3d at 278.

The events of which Plaintiff complains occurred no later than May 20, 2002, when he became permanently disabled and ceased working. However, at no time since that date has Plaintiff filed a complaint with the MCAD or EEOC. When Gap receives complaints of discrimination that have been filed with state or federal agencies, those complaints are forwarded to Gap's Legal Department and entered into Gap's internal database. (Broadnax Dec. ¶ 3). Gap's internal database has no record of Plaintiff ever filing a complaint of discrimination with the MCAD or EEOC. (Broadnax Dec. ¶ 4). Having failed to exhaust his administrative remedies before the MCAD or EEOC, Plaintiff may not now bring suit in court.

Furthermore, Plaintiff is barred from filing a complaint of discrimination with the MCAD or EEOC at this late stage because he exceeded the six months then in effect for filing a charge of discrimination with the MCAD and the 300-days for filing a charge with the EEOC. See M.G.L. c. 151B (prior to November, 2002, charge to be filed within six months); 42 U.S.C. § 12117(a) (citing to 42 U.S.C. § 2000e-5, providing 300-day filing requirement for alleged unlawful employment practices); Wilson v. Globe Specialty Prods., Inc., 117 F. Supp. 2d 92, 95 (D. Mass. 2000) (plaintiff's ADA claim was time barred where he filed his EEOC complaint 724

days after his cause of action accrued). In his Complaint, Plaintiff alleges that he last worked in May 20, 2002. (Complaint, ¶ 14). However, he never filed a charge of discrimination with the MCAD or the EEOC.

### Plaintiff's Negligence Claims Are Barred By The Exclusivity Provision Of Massachusetts' Workers' Compensation Statute

In his Complaint, Plaintiff claims that his seizure disorder escalated over a two-year period as a result of emotional distress negligently inflicted by Gap. (Complaint, ¶ 3). Specifically, Plaintiff alleges that Gap negligently and carelessly inflicted emotional distress on him, which caused Plaintiff to become physically disabled (Complaint, ¶ 4), and that he suffered a grand mal seizure and physical injuries as a result of a review he received in May, 2002. (Complaint, ¶ 14). Because all of these activities allegedly occurred within the context of Plaintiff's employment, the claims are barred by the exclusivity provision of Massachusetts Workers' Compensation Act ("WCA"), M.G.L. c. 152, § 24. The WCA provides in pertinent part:

> An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right.

Id.

It is well-settled that Section 24 of the WCA precludes common law actions for both negligence and intentional torts that arise out of and in the course of employment. Doe v. Purity Supreme, Inc., 422 Mass. 563, 565 (1996) (claims for negligence and negligent and intentional infliction of emotional distress barred by the WCA). The WCA "provides the exclusive means by which an employee can recover for personal injuries sustained in the course of and arising out of his or her employment, including claims for intentional and negligent infliction of emotional

5

distress." Edsall v. Assumption Coll., 367 F. Supp. 2d 72, *18 (D. Mass. March 31, 2005); see also Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996) (plaintiff's common law claims for intentional and negligent infliction of emotional distress are barred by the exclusivity provision of the WCA); Clark v. Kentucky Fried Chicken of Cal., Inc., 57 F.3d 21, 29 (1st Cir. 1995) (regarding negligent infliction of emotional distress, "it would strain credulity and common sense to presume that the Legislature chose to limit employers' collective liability under the workers' compensation scheme, only to expose individual employers to greater liability in common law negligence suits based on bona fide personnel actions").

Plaintiff's negligence allegations are based on workplace conduct which is compensable under the WCA and are thus barred by the exclusivity provisions of the WCA. Here, all of Defendant's alleged negligent conduct identified in the Complaint is conduct that arose out of and within the course of employment. See, e.g., Doe, 422 Mass. at 565. Accordingly, Plaintiff's negligence claims are barred by M.G.L. c. 152, § 24 and should be dismissed. See, e.g., Clarke, 57 F.3d at 27-29 (affirming dismissal of employee's claims of negligent hire, supervision and retention as barred by the exclusivity provisions of the WCA); Galdauckas v. Interstate Hotels Corp. No. 16, 901 F. Supp. 454, 469 (D. Mass. 1995) (employee's claim of negligent infliction of emotional distress barred by the exclusivity provisions of the WCA).

## CONCLUSION

Plaintiff failed to file a charge of disability discrimination with the EEOC or the MCAD. Additionally, his claims of negligence are barred by the exclusivity provision of the Workers' Compensation Act.

For these reasons, Gap respectfully requests that this Court dismiss Plaintiff's Complaint and enter judgment for Gap on the Complaint in its entirety.

                                          Respectfully submitted,
                                          GAP INC.
                                          By its attorneys,

                                          /s/ Joan Ackerstein
                                          Joan Ackerstein, BBO#348220
                                          Amanda S. Rosenfeld, BBO#654101
                                          Jackson Lewis LLP
                                          75 Park Plaza
                                          Boston, MA 02116
Dated:  July 21, 2005                  (617) 367-0025