UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES J. MCNULTY,
    Plaintiff
v.

GAP INC.,
    Defendant

Civil Action No. 05-11250-NMG

**DECLARATION OF DAPHNE BROADNAX IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

I, Daphne Broadnax, upon oath do depose and state as follows:

1.    I am a Senior Legal Assistant for Gap, Inc. ("Gap"), Two Folsom Street, San Francisco, California, 94105.

2.    James McNulty is a former employee of Gap.

3.    When Gap receives a complaint of discrimination which has been filed with a state or federal agency, the complaint is forwarded to the Legal Department and entered into Gap's internal database.

4.    I have thoroughly searched Gap's internal database and, to the best of my knowledge, there is no record of Gap ever receiving a complaint of discrimination that Mr. McNulty filed with the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission.

5.    On or about May 26, 2005, Gap was served with a Complaint that Mr. McNulty filed in the Barnstable Division of the District Court Department of the Commonwealth of Massachusetts. A copy of that complaint is attached hereto as <u>Exhibit A</u>.

Signed under the pains and penalties of perjury this 19th day of July, 2005.

                                                    /s/ Daphne Broadnax
                                                    Daphne Broadnax

# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                    DISTRICT COURT DEPARTMENT
                                   CIVIL ACTION NO. 05 25 CV 0455

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES J. MCNULTY,
                PLAINTIFF

VS.

GAP, INC.,
                DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. Plaintiff, James J. McNulty is a natural person residing at 14 Wildwood Path, West Yarmouth, Ma., Barnstable County, Massachusetts.

2. Defendant is a corporation doing business as Gap, Inc. at 2 Folsom Street, San Francisco, Ca. 94105.

3. On or about October 4, 2000, the plaintiff James J. McNulty returned to his employment as Associate Manager of the Gap stores in Hyannis, Ma. After suffering a brain injury, with resulting seizure disorders, short term memory loss, severe headaches, balance and vision problems, and other brain injury \ seizure related disorders which escalated over the next two years as a result of emotional distress negligently inflicted by the defendant.

4. The defendant negligently and carelessly inflicted emotional distress so as to cause the plaintiff to become physically disabled.

5. As a direct and proximate result thereof, the plaintiff was prevented from carrying out the duties of his occupation to the best of his ability

6. Upon returning to work in 2000, the plaintiff was restricted to twenty hours per week by his neurosurgeon. The plaintiff worked two weeks at 20 hours and then was told by the General Manager that he could not afford to pay him his full salary and that he would have to work 40 hours regardless of the doctors return to work authorization.

7. The plaintiff was given no accommodations regarding his disability.

8. The defendant frequently joked to the other managers whether the plaintiff would remember what needed to be done.

9. When the new store was opening the plaintiff was required to work 60 hours.

10. In spite of the fact that the doctor insisted that he have at least 8 hours sleep, he was scheduled for 2 P.M. to 11 P.M. and on the following morning from 7A.M. to 4 P.M. which happened frequently.

11. The plaintiff was restricted from climbing and the defendant assigned him to climbing 7 ft. high rolling racks without ladders to dispose of fixtures on top shelves.

12. In the first review the plaintiff had received in the first three years, he was supposed to have had a review each year, he frequently referred to his disabilities and how his entire performance was affected by this.

13. The plaintiffs personal files were made known to the entire staff, resulting in loss of respect for the plaintiff.

14. The last review given to the plaintiff on May 20, 2002 resulted in an ultimatum that could result in a temination of employment which brought on a seizure in front of the defendant that turned into a grand mal seizure and he hit

his head repeatedly on the floor and was taken to the hospital without being able to speak or see. The plaintiff has been permanently disabled since.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount which the Court would deem fair and reasonable.

**A trial by jury is demanded upon all issues.**

Respectfully submitted,

_____
Pro Se

Date: May 19, 2005